**WAN KYU PARK,**

    Plaintiff,

v.                             **CASE NO.: 4:25-cv-00267-MW-MJF**

**FLORIDA STATE UNIVERSITY BOARD OF
TRUSTEES, LAURA GREENE, ERIC PALM,
REBECCA PETERSON and JAMES CLARK,
in both their official and individual capacities,**

    Defendants.

_____/

### MOTION FOR LEAVE TO EXCEED THE NUMBER OF WORDS IN OMNIBUS MOTION FOR SUMMARY JUDGMENT

Defendants, Florida State University, Laura Greene, Eric Palm, Rebecca Peterson, and James Clark, through counsel and pursuant to Local Rule 7.1(F), move this Court for leave to exceed the number of words in their omnibus motion for summary judgment and supporting memorandum, and state as follows:

1.      Plaintiff filed a multi-count action against Defendants, asserting claims of: (1) common law breach of contract; (2) § 1983 procedural due process violation; (3) § 1983 substantive due process violation; (4) common law intentional infliction of emotional distress; (5) Title VII retaliation; (6) § 1983 First Amendment retaliation; (7) Title VII discrimination; (8) § 1983 Fourteenth

Amendment violation; and (9) § 1983 Official Capacity liability. These claims concern a written reprimand and separate reassignment of duties which occurred in June 2023, as well as a contract non-renewal that occurred in July 2024.

2. There are multiple grounds on which Defendants seek summary judgment. For example, in addition to substantively arguing entitlement to summary judgment on the Title VII claims under the *McDonnell Douglas* analysis, FSU is entitled to summary judgment on grounds of exceeding the actionable limitations period and failure to exhaust administrative remedies. The common law claims raised by Plaintiff are also subject to multiple grounds for summary judgment, including substantive defenses and Eleventh Amendment immunity (on the breach of contract claim). The individual defendants argue entitlement to summary judgment as to the § 1983 claims on the grounds that the record does not establish a constitutional violation, in addition to qualified immunity arguments.

3. With the number of claims at issue, the varying defenses available, and the underlying facts addressing two different time periods involving Plaintiff, Defendants are encountering difficulty in preparing an effective memorandum which does not exceed the number of words (8,000) allowed by Local Rule 7.1(F). Defendants are in the process of drafting/editing their motion (which must be filed

on April 22, 2026), and the draft is currently around 12,000 words.[1] Counsel considered splitting motions amongst the defendants, but an omnibus motion is more efficient. By way of example, the analysis for the equal protection claim against the individual defendants is the same as for the Title VII analysis for FSU – it makes more sense to combine Defendants' arguments into one motion.

4. Defendants have shown good cause for granting their motion. Defendants are mindful of the fact that longer memoranda are disfavored, and counsel is a proponent of the axiom that "less is more," but with the number of claims and issues involved, Defendants seek exception to the rule. Defendants will continue to edit the memorandum and attempt to utilize the least words possible. In an abundance of caution, Defendants request a memorandum limit of 13,000 words, but it is highly likely the motion/memorandum will have less words than the current draft, which is in near final form.

WHEREFORE, Defendants respectfully request this Court allow Defendants to exceed the local rule's word limit as related to the omnibus motion for summary judgment and supporting memorandum.

---

[1] By comparison, Plaintiff's Complaint is fifty-two pages and exceeds 10,000 words.

## CERTIFICATE OF GOOD FAITH

Pursuant to N.D. Fla. Loc. R. 7.1(B) the undersigned conferred with counsel for Plaintiff via email dated April 16, 2026, with no response.  Earlier today, counsel followed-up the email, exchanged multiple texts with Plaintiff's counsel, and shared a draft copy of this motion.  Plaintiff has not given consent on the motion or relief requested herein.

*s/Brian C. Keri*
BRIAN C. KERI (FBN 0087874)
P.O. Box 13599
Tallahassee, Florida 32317-3599
Telephone: (850) 297-2222
brianckeri@earthlink.net
michellemsmith@earthlink.net
Attorney for Defendants

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished by CM/ECF service to Thomas L. Dickens, Esquire and Marie Mattox, Esquire, 203 North Gadsden Street, Tallahassee Florida 32301, on April 20, 2025.

*s/Brian C. Keri*
Brian C. Keri