# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF FLORIDA
### TALLAHASSEE DIVISION

**WAN KYU PARK,**

Plaintiff,

v.                                    **CASE NO.: 4:25-cv-00267-MW-MJF**

**FLORIDA STATE UNIVERSITY BOARD OF TRUSTEES, LAURA GREENE, ERIC PALM, REBECCA PETERSON and JAMES CLARK, in both their official and individual capacities,**

Defendants.

_____/

## REPLY TO PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

Defendants Florida State University, Board of Trustees ("FSU"), Dr. Laura Greene, Dr. Eric Palm, Rebecca Peterson, and Dr. James Clark, pursuant to this Court's Scheduling and Mediation Order (ECF No. 19, ¶ 7) and N.D. Fla. Loc. R. 56.1(D), hereby reply to Plaintiff's response (ECF No. 51) opposing Defendants' summary judgment motion (ECF No. 36), and state:

## MEMORANDUM OF LAW

Contrary to Plaintiff's assertions in the response to Defendants' summary judgment motion, the record shows Defendants are entitled to summary judgment

on Plaintiff's claims. Defendants reply to Plaintiff's arguments/response sections in kind as follows:

**I(A).  Eleventh Amendment Immunity**

Plaintiff's suggestion that FSU waived its Eleventh Amendment Immunity lacks merit. Plaintiff's response cites *Gunter v. Atl. Coast Line R. Co.*, 200 U.S. 273,284 (1906) and *Lapides v. Bd. of Regents*, 535 U.S. 613, 619 (2002) for the proposition that Eleventh Amendment immunity is waived by voluntary submission to federal adjudication. (ECF No. 51, pp. 23-24). *Gunter* and *Lapides* do not apply here because FSU has not voluntarily submitted itself to federal adjudication through joinder (*Gunter*) or removal to federal court (*Lapides*). In contrast, it was Plaintiff who submitted his claims to federal adjudication here, not FSU.

Plaintiff's suggestion that FSU's litigation conduct confirmed acceptance of this forum is unfounded. An assertion of Eleventh Amendment immunity implicates and challenges a court's subject matter jurisdiction. *Eurlichmann v. Bd. of Trs. of Pensacola State Coll.*, 2019 WL 13280163, *1 (N.D. Fla. Sep. 5, 2019) (citing *Seaborn v. Fla., Dep't of Corrs.*, 143 F.3d 1405, 1407 (11th Cir. 1998)). "Courts will find waiver *only* if the state voluntarily invokes the court's jurisdiction, *i.e.*, it brings the lawsuit itself or provides a clear declaration that it submits itself to federal court jurisdiction." *Id.* (citing *Coll. Sav. Bank v. Fla.*

*Prepaid Postsecondary Ed. Expense Bd.*, 527 U.S. 666, 675-76 (1999)) (emphasis in original). "Merely defending the case for a period of time prior to moving for dismissal does not constitute waiver. Indeed, case law provides that Eleventh Amendment immunity can be raised *any time*, even on appeal." *Id.* (emphasis in original). Because FSU has not voluntarily invoked this Court's jurisdiction and has not provided a clear declaration of waiver regarding Plaintiff's state-law breach of contract claim, FSU is entitled to Eleventh Amendment Immunity.

## I(B).  <u>Procedural Due Process</u>

The responsive arguments in opposition to Defendants' summary judgment motion (ECF No. 51, pp. 25-28) regarding Plaintiff's procedural due process claim mirror the arguments in Plaintiff's partial summary judgment motion (*See* ECF No. 41, pp. 27-35). Defendants adopt and incorporate their arguments as set forth in Defendants' response to Plaintiff's summary judgment motion. (ECF No. 50, pp. 6-15, Section II(A)-(C)).

## II(A-B).  <u>Substantive Due Process</u>

Plaintiff argues that the underlying interest for his substantive due process claim is his liberty interest "established under the stigma-plus framework." (ECF No. 51, p. 30). Plaintiff's argument lacks merit. Plaintiff has not established the existence of a fundamental right protected by substantive due process.

The Eleventh Circuit has held that "a stigma-plus claim is only actionable as a procedural due process claim, not as a *substantive* due process claim." *Hogan v. City of Fort Walton Beach*, 817 Fed.Appx. 717, 723 (11th Cir. 2020) (emphasis in original). This is because a stigma-plus liberty interest is "not a fundamental right protected by substantive due process." *Id.* Because Plaintiff concedes that his substantive due process claim rests entirely on the alleged deprivation of his stigma-plus liberty interest, Plaintiff's substantive due process claim fails as a matter of law. Summary judgment for Defendants is warranted.

## II(C). <u>Intentional Infliction of Emotional Distress</u>

Plaintiff's assertion that *Williams v. Worldwide Flight Servs., Inc.*, 877 So. 2d 869 (Fla. 3d DCA 2004) and *King v. State of Fla.*, 650 F. Supp. 2d 1157, 1167 (N.D. Fla. 2009) are distinguishable from this case because those cases involved discrete events unlike the "pattern" in this case is unavailing. Contrary to Plaintiff's argument, neither *Williams* nor *King* invoke any distinction between a case involving discrete incidents and one that does not. Regardless, in *Williams,* the plaintiff brought suit for intentional infliction of emotional distress for allegations including that his employers and coworkers repeatedly subjected him to racial slurs and insults, subjected him to harsh working conditions, and wrote false disciplinary reports to justify his subsequent termination. *Williams*, 877 So. 2d at 870. The *Williams* court did not address the time period over which the conduct

occurred and the plaintiff alleged the conduct occurred "constantly and persistently" during his employment. *Id.* Plaintiff has not shown a material distinction justifying his argument that *Williams* and *King* do not apply to this case, and specifically, that the conduct here does not satisfy the extreme and outrageousness requirements for the tort where the aforementioned decisions did not either, even where the decisions characterized the alleged conduct as "reprehensible, objectionable, and offensive." *Id.* If, for example, the *Williams* facts did not legally meet the threshold for the tort, then the facts in this case fall far short.

Plaintiff's assertion that leaving the severity element unaddressed is an independent ground for denying summary judgment is unfounded. "The plaintiff's 'subjective response' to the conduct 'does not control the question of whether the tort of intentional infliction of emotional distress occurred.'" *Deauville Hotel Mgmt., LLC v. Ward*, 219 So. 3d 949, 955 (Fla. 3d DCA 2017) (citation omitted). Here, despite Plaintiff's alleged subjective response to the conduct, the record conduct is insufficient, as a matter of law, to support a claim of intentional infliction of emotional distress.

III.    <u>**Untimeliness of Title VII Claims**</u>

*Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 113 (2002), compels the conclusion that Plaintiff's allegations regarding his non-renewal, clearly a

discrete act, required Plaintiff to file a charge of discrimination after the act occurred.  Plaintiff is not permitted to boot-strap the discrete act to a filing that occurred nearly eight months prior.  Plaintiff's reliance on *Mulhall v. Advance Sec., Inc.*, 19 F.3d 586, 589 n.8 (11th Cir. 1994) is misplaced as the case was decided prior to *Morgan*.  Plaintiff's reliance on *Gregory v. Ga. Dep't of Hum. Res.*, 355 F.3d 1277, 1280 (11th Cir. 2004) is likewise misplaced as *Gregory* addressed a situation where the court found the employee's failure to mark the retaliation box on the charging form did not bar the claim because the factual recitation on the form described the retaliatory activity.  Any similarity is impossible here because the non-renewal had not occurred at the only time Plaintiff completed an administrative charge here.  *Id.* at 1279-80 (finding judicial claims can clarify the allegations in a EEOC complaint, but new acts of discrimination are inappropriate).  Any facts on which Plaintiff seeks to base his Title VII claims, that occurred after December 1, 2023, are administratively barred.

**III(A).  <u>Lack of Protected Activity Related to Title VII Retaliation Claim</u>**

Plaintiff fails to show protected activity for his retaliation claim.  At the very least, to constitute protected activity, the employee must communicate the belief that illegal discrimination is occurring.  *See, e.g.*, *Verna v. Pub. Health Tr. of Miami-Dade Cnty.*, 539 F. Supp. 2d 1340, 1357 (S.D. Fla. 2008).  The employee's complaint "must clearly put an employer on notice of violation of the law."

*Marcelin v. Eckerd Corp. of Fla.*, 2006 WL 923745, *8 (M.D. Fla. Apr. 10, 2006).

"It is not enough for the employee merely to complain about a certain policy or certain behavior . . . and rely on the employer to infer that discrimination has occurred." *Webb v. R&B Holding Co.*, 992 F. Supp. 1382, 1389 (S.D. Fla. 1998); *see also*, *Higgins v. New Balance Athletic Shoe, Inc.*, 194 F.3d 252, 262 (1st Cir. 1999) (no protected activity where plaintiff complained of supervisor's treatment but never stated a belief that it violated Title VII or any other law); *Gleason v. Meisrow Fin.*, 118 F.3d 1134 (7th Cir. 1997) (granting summary judgment and finding that general complaints absent specific allegations of sexual harassment do not constitute protected activity); *Barber v. CSX Distrib. Servs.*, 68 F.3d 694 (3d Cir. 1995) (letter to HR complaining about unfair treatment but not specifically complaining about discrimination is not protected activity).

The factual record on which Plaintiff attempts to show protected activity falls far short of meeting his burden because it does not put FSU on notice that a Title VII violation, related to race and national origin, allegedly occurred.

**III(A).  <u>Lack of Protected Activity Regarding First Amendment Claim</u>**

Plaintiff failed to rebut the arguments made by Defendants in their summary judgment motion that Plaintiff cannot establish protected petitioning activity. Plaintiff's grievances were made with the intention of Plaintiff returning to his position prior to being reassigned to the ASC – this is not protected speech on a

matter of public concern.  *See Morgan v. Ford*, 6 F.3d 750, 755 (11th Cir. 1993) ("The record shows that Morgan's speech was driven by her own entirely rational self-interest in improving the condition of her employment….  As an employee grievance, Morgan's speech was not a matter of public concern.").

## III(B).  <u>Adverse Action</u>

For purposes of summary judgment, Defendants never argued that the adverse-action prima facie element was not met, and therefore, a reply to this section is not necessary.

## III(C).  <u>Causation</u>

Plaintiff's argument that the discipline and non-renewal were pre-determined and discussed within eighteen days after Greene's complaint is self-defeating as to the issue of causation.  Defendants maintain there is no protected activity, but assuming there was, Plaintiff's pre-determination argument puts the cart before the horse.  Otherwise, Plaintiff has not established the requisite causation as set forth in the summary judgment motion.

Causation is also lacking as Plaintiff fails to address that he was already on "thin ice" when he allegedly made complaints of discrimination.  *Alvarez v. Royal Atl. Devs., Inc.*, 610 F.3d 1253, 1270 (11th Cir. 2010).

**III(D).  <u>Pretext</u>**

Plaintiff's response simply fails to show that the legitimate reasons proffered by Defendants are false and that the real reason is retaliation.  Plaintiff has not taken the legitimate reasons head-on and rebutted them.  While a court must view the evidence in a light favorable to the employee, and draw all reasonable inferences in the employee's favor, "inferences in favor [of an employee] can be based only on evidence – not on speculation." *Berry v. Crestwood Healthcare LP*, 84 F.4th 1300, 1311 (11th Cir. 2023) (quoting *Martin v. Fin. Asset Mgmt. Sys., Inc.*, 959 F.3d 1048, 1058 (11th Cir. 2020).  Moreover, vague, conclusory allegations do not create reasonable inferences of discrimination or retaliation. *Holifield v. Reno*, 115 F.3d 1555, 1564 n.6 (11th Cir. 1997).  Plaintiff has produced no evidence from which a reasonably jury could infer that any Defendants retaliated against him.

**III(E).  <u>Convincing Mosaic</u>**

The circumstantial evidence cited by Plaintiff simply does not create a reasonable inference of intentional retaliation.  Similar to the pretext analysis above, the record evidence does not permit a factfinder to find retaliation.  Plaintiff improperly, and ineffectively, attempts to rebut Defendants' legitimate reasons for their actions with impermissible conclusory allegations and speculation, as opposed to record facts.

**IV(A).  <u>Comparators</u>**

Plaintiff bears the burden of identifying other employees that are similarly situated in all material aspects.  *Lewis v. City of Union City*, 918 F.3d 1213, 1226-27 (11th Cir. 2019).  Plaintiff has not developed a factual record to meet his burden here – which is a high bar to meet.  *Tynes v. Fla. Dep't of Juv. Just.*, 88 F.4th 939, 947 (11th Cir. 2023).  Plaintiff merely points to the fact that FSU, in its EEOC statement, identified three examples that were "consistent" with Plaintiff's situation.  (ECF No. 38-33, pp. 11-12).  Consistency does not equate to "similarly situated in all material respects" and FSU did not concede Plaintiff's burden in this regard – Plaintiff still has to meet this burden, which he has not.  The record shows these examples involve different positions from Plaintiff, different decision-makers, different departments, and different factual scenarios.  The record relied upon by Plaintiff (merely consisting of the others' written reprimands) does not show whether their misconduct was previously addressed with them as it had with Plaintiff.

**IV(B).  <u>Lack of Evidence of Discriminatory Intent</u>**

Contrary to Plaintiff's response, there is no direct evidence of discriminatory intent, which requires "[o]nly the most blatant remarks, whose intent could mean nothing other that to discriminate on the basis of some impermissible factor." *Todd v. Fayette Cnty. Sch. Dist.*, 998 F.3d 1203, 1215 (11th Cir. 2021).  Plaintiff

points to no direct evidence, and the "three threads" Plaintiff identifies (ECF No. 51, pp. 52-53) fail to establish circumstantial discriminatory intent. Of interest, Plaintiff argues here that Greene was motivated by the desire to control the lab, students, and grant – a non-discriminatory motivation that contradicts Plaintiff's hollow contention that discriminatory intent existed here.

Plaintiff fails to establish pretext on the grounds and authority set forth in Section III(D) above. Plaintiff has produced no evidence from which a reasonable jury could infer that any Defendants discriminated against him.

## IV(C). <u>Convincing Mosaic</u>

Defendants refer to Sections III(D) and (E) above regarding Plaintiff's convincing mosaic analysis. Plaintiff fails to show a reasonable inference of discrimination and has instead based his argument on impermissible conclusion and speculation, as opposed to the record facts.

## IV(D). <u>Same-Decision Defense and Personal Participation</u>

Plaintiff incorrectly raises the same-decision defense related to Plaintiff's Title VII claim. (ECF No. 51, p. 56). Defendants have not raised the same-decision defense in the summary judgment motion.

Moreover, Plaintiff's suggestion that the record supporting discipline was assembled by a biased actor (*id.* at pp. 56-57) is simply not supported in the record here. Defendants assume Plaintiff refers to Greene, but the record shows the basis

for discipline was from multiple sources, including, importantly, the students who were interviewed.

Additionally, the fact that a resolution was offered during the grievance process does not undermine a decision-maker's honest belief, which has not been controverted by record-evidence from Plaintiff. Section 20.1 of the CBA shows the grievance process's purpose is to promote a prompt and efficient procedure for the resolution of grievances. (ECF No. 35-24, p. 92). Plaintiff's argument is also prohibited by Fed. R. Evid. 408.

Finally, it is unclear as to the reasoning for Plaintiff's citation to *Washington v. Davis*, 426 U.S. 229, 240 (1976) and *Cottone v. Jenne*, 326 F.3d 1352, 1360 (11th Cir. 2003), in this section as regards Count VIII. (ECF No. 51, p. 57). Regardless, Defendants' actions in relation to this case are set forth in the record, which shows Defendants did not violate the Equal Protection Clause of the Fourteenth Amendment. Plaintiff fails to show that any individual Defendant intentionally discriminated against Plaintiff because of his race or national origin.

## V. <u>**Qualified Immunity**</u>

Plaintiff's response does not challenge whatsoever that Defendants Greene, Palm, Peterson, and Clark were acting within the scope of discretionary authority at the time of the alleged constitutional violation. Conceding this (which is supported by the record and Defendants' summary judgment motion), Plaintiff has

the burden of overcoming qualified immunity by showing – (1) a violation of a constitutional right; and (2) that the right was clearly established.

As set forth in Defendants' summary judgment motion and this reply, Plaintiff has not shown: (1) that any substantive due process right was deprived by Defendants; (2) that Plaintiff engaged in activity protected by the petition clause of the First Amendment; and (3) that Defendants intentionally discriminated against Plaintiff based on his race and national origin.

Since Plaintiff cannot establish constitutional violations occurred with respect to Counts III, VI, and VIII, the inquiry can stop there and qualified immunity is afforded Defendants.  Regardless, Defendants are also entitled to qualified immunity because Plaintiff has not satisfied the "clearly established" inquiry in the immunity analysis either.  The case law cited by Plaintiff in this regard (ECF No. 51, pp. 58-59) does not "place[ ] the … constitutional question beyond debate."  *Mullenix v. Luna*, 577 U.S. 7, 12 (2015) (quoting *Ashcroft v. al-Kidd*, 563 U.S. 731, 741 (2011).  The Supreme Court has "repeatedly told courts … not to define clearly established law at a high level of generality."  *al-Kidd*, 563 U.S. at 742.  The inquiry "'must be undertaken in light of the specific context of the case, not as a broad general proposition.'"  *Brosseau v. Haugen*, 543 U.S. 194, 198 (2004) (per curiam) (quoting *Saucier v. Katz*, 533 U.S. 194, 201 (2001)).  Plaintiff attempts to defeat Defendants' entitlement to qualified immunity in the

exact manner disfavored by the Supreme Court.  Plaintiff simply establishes no precedent that makes the alleged unlawfulness of Defendants' actions apparent.

Plaintiff's response to Defendants' summary judgment motion does not address/challenge entitlement to qualified immunity with respect to Count II (procedural due process claim).  However, in an abundance of caution, Defendants adopt and incorporate their arguments as set forth in Defendants' response to Plaintiff's summary judgment motion showing qualified immunity should be afforded as to Count II.  (ECF No. 50, pp. 15-20, Section II(D)).

## VI.   Count IX and Lack of Independent Claim Under *Ex Parte Young*

Plaintiff's response appears to concede that Count IX does not set forth an independent claim under the *Ex Parte Young* doctrine.  At best, Count IX is redundant to the other claims which allege official capacity liability.

## CONCLUSION

This Court should enter summary judgment in favor of Greene, Palm, Peterson, Clark, and FSU on all claims asserted by Plaintiff.

*s/Brian C. Keri*
BRIAN C. KERI (FBN 0087874)
P.O. Box 13599
Tallahassee, Florida 32317-3599
Telephone: (850) 297-2222
brianckeri@earthlink.net
michellemsmith@earthlink.net
Attorney for Defendants

## CERTIFICATE OF COMPLIANCE WITH LOC. R. 7.1(I)

This reply complies with Loc. R. 7.1(I) and Loc. R. 56.1(D), in that the number of words in the reply is 3017.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished by CM/ECF service to Thomas L. Dickens, Esquire and Marie Mattox, Esquire, 203 North Gadsden Street, Tallahassee Florida 32301, on May 20, 2026.

*s/Brian C. Keri*
Brian C. Keri