**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF FLORIDA**
**TALLAHASSEE DIVISION**

**WAN KYU PARK,**

***Plaintiff*,**

**v.** **Case No.: 4:25cv267-MW/MJF**

**FLORIDA STATE UNIVERSITY BOARD OF TRUSTEES, et al.,**

***Defendants*.**
**__________________________/**

# ORDER ON MOTION FOR SUMMARY JUDGMENT

This Court has considered, without hearing, Plaintiff's motion for partial summary judgment, ECF No. 37, Defendants' response in opposition, ECF No. 50, and Plaintiff's reply, ECF No. 53. Plaintiff moves for summary judgment as to his breach-of-contract claim against the Florida State University Board of Trustees (Board of Trustees) in Count I and his procedural due process claim against Defendants Greene, Palm, Peterson, and Clark in Count II. This Court will address each count in turn, starting with Count I.

Defendants contend that Plaintiff's motion is due to be denied with respect to Count I because Eleventh Amendment immunity bars this claim against the Board of Trustees. ECF No. 50 at 3. This Court agrees. "It is well settled in Florida that state universities, and their boards of trustees, are arms of the state that are entitled to Eleventh Amendment immunity." *Parker-Hall v. Univ. of Fla. Bd. of Trustees*,

2021 WL 10426246, at *1 (N.D. Fla. Nov. 17, 2021) (citations omitted). "And the Eleventh Circuit has ruled that Florida has not waived its Eleventh Amendment immunity from suit in federal court for breach of contract claims." *Pinkston v. Univ. of S. Fla. Bd. of Trustees*, 2019 WL 1411467, at *3 (M.D. Fla. Mar. 28, 2019).

It is no answer for Plaintiff to contend that the Board of Trustees has waived its Eleventh Amendment immunity by participating in this action. "In evaluating whether a state has waived its immunity, 'courts indulge every reasonable presumption against waiver.' " *Friends of Everglades, Inc. v. S. Fla. Water Mgmt. Dist.*, 2006 WL 3635465, at *59 (S.D. Fla. Dec. 11, 2006), *rev'd in part on other grounds* by *Friends of Everglades v. S. Fla. Water Mgmt. Dist.*, 570 F.3d 1210 (11th Cir. 2009) (quoting *College Sav. Bank v. Fla. Prepaid Postsecondary Educ. Expense Bd.*, 527 U.S. 666, 682 (1999)). Here, the Board was sued in federal court in the first instance and did not waive immunity by removing this action to federal court. *See Lapides v. Bd. of Regs. of Univ. Sys. of Ga.*, 535 U.S. 613, 624 (2002) ("We conclude that the State's action joining the removing of this case to federal court waived its Eleventh Amendment immunity . . . ."). And the Board of Trustees has asserted its Eleventh Amendment immunity to the contract claim from the start by raising the defense in its answer, ECF No. 15 at 13, its cross-motion for summary judgment, ECF No. 36 at 41, and in response to Plaintiff's motion for partial summary judgment, ECF No. 50 at 3. Contrary to Plaintiff's assertion, this is not a case where

an arm of the state has "unequivocally expressed" an intent to waive immunity. *See Friends of Everglades, Inc.*, 2006 WL 3635465, at *57. In short, Plaintiff's motion, ECF No. 37, is due to be denied as the Board of Trustees is entitled to Eleventh Amendment immunity with respect to Count I.

Next, as to Count II, Plaintiff contends he is entitled to summary judgment as to his claim that the individual Defendants deprived him of constitutionally protected property and liberty interests without due process. But even assuming *arguendo* that Plaintiff has identified a constitutionally protected property interest in his continued employment, his co-doctoral directive status, his lab assignment, etc., or a constitutionally protected liberty interest in his reputation, his claim fails insofar as Defendants are entitled to qualified immunity.

Without dispute, Defendants Greene, Palm, Peterson, and Clark were acting within the scope of their discretionary authority at the time of the alleged investigation, reprimand, reassignment, and later non-renewal. And even, assuming *arguendo*, that Plaintiff can demonstrate that he had a constitutionally protected interest and the procedures followed attendant to any deprivation thereof were constitutionally deficient, Plaintiff has failed to demonstrate that the deprivation under these circumstances violates clearly established law. Accordingly, insofar as Defendants Greene, Palm, Peterson, and Clark are entitled to qualified immunity, Plaintiff's motion for partial summary judgment is due to be denied as to Count II.

In so stating, this Court has not yet ruled on Defendants' cross-motion for summary judgment, which includes arguments pertaining to qualified immunity. This Court will address these arguments in more detail by separate Order.

Accordingly, for the reasons set out above, Plaintiff's motion for partial summary judgment, ECF No. 37, is **DENIED**.

**SO ORDERED on November 9, 2026.**

**s/Mark E. Walker**
**United States District Judge**